United States District Court
Southern District of Texas

**ENTERED**

October 13, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLID SYSTEMS CAD SERVICES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:12-CV-03176 |
| | § | |
| TOTAL RISC TECHNOLOGY, LTD | § | |
| TOTAL RISC TECHNOLOGY | § | |
| GLOBAL LIMITED, AND DOMENIC | § | |
| ROMANELLI | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Defendant's pre-trial Motion for Sanctions (Document No. 211), which was carried with the trial, Plaintiff's Motion for Recovery of Attorney's Fees and Expenses (Document No. 244), in which Plaintiff seeks to recover the attorney's fees it incurred in successful pursuit of its breach of contract claim against Defendant Total Risc Technology Global Limited as well as its reasonable and necessary costs, and Defendant's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial and Motion to Alter or Amend Final Judgment (Document No. 247).  Having considered the motions, the responses, the parties' additional briefing, the Court's clear recollection of both the trial and the parties' pre-trial discovery efforts, and the applicable law,  it is ORDERED for the reasons set forth below, that Defendant's pre-trial Motion for Sanctions (Document No. 211) is GRANTED, Defendant's Motion for Judgment, for New Trial and to Alter or Amend Final Judgment (Document No. 247) is DENIED and Plaintiff's Motion for Recovery of Attorney's Fees and Expenses (Document No. 244) is GRANTED.

I.       **Introduction**

This case was tried to a jury on Plaintiff's breach of contract claim, and Defendant's tortious interference claim.  On May 6, 2016, a jury found in favor of Plaintiff on its breach of contract claim and against Defendant on its tortious interference claim.  A Judgment in favor of Plaintiff, in the amount of $1,066,145.00 was entered on May 25, 2016.

Plaintiff,  Solid Systems CAD Services ("SSCS" or "Plaintiff"), in its post-judgment Motion for Recovery of Attorney's Fees and Expenses (Document No. 244) now seeks $318,087.00 in attorney's fees and $3,079.25 in costs as the prevailing party on its breach of contract claim against Defendant Total Risc Technology Global Limited ("TRT Global" or "Defendant").   Defendant, in response, maintains that: (1) it is not an entity from which attorney's fees can be recovered under Texas Civil Practice & Remedies Code §38.001 *et seq*., because it is neither an "individual" nor a "corporation;" and (2) SSCS failed to segregate its attorney's fees as between both the claims and the parties in this case, as is required by Texas law.

Defendant, in its post-judgment  Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion to Alter or Amend Final Judgment (Document No. 247), seeks judgment as a matter of law, a new trial, or an alteration of the Judgment on the basis that: (1) the evidence at trial was legally and factually insufficient to support the jury's verdict; (2) the jury's verdict is against the great weight of the evidence; and (3) Plaintiff's discovery abuse, briefed by the parties before trial, and admitted by Plaintiff, disadvantaged Defendant and resulted in an unfair trial. Plaintiff, in response to Defendant's motion, points to the evidence that supported the jury's verdict on both Plaintiff's breach of contract claim and Defendant's tortious interference counterclaim, and

argues that its inadvertently late production of documents does not warrant any of the relief sought by Defendant in its motion.

Because Defendant's motion challenges the judgment, it will be addressed first.

**II.     Discussion – Motion for Judgment as a Matter of Law/Motion for New Trial/Motion to Alter or Amend Judgment**

A motion for judgment as a matter of law following a jury verdict under FED. R. CIV. P. 50(b) is reviewed by the Court to determine whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assur. Co. v. United Space Alliance,* 378 F.3d 482, 487 (5th Cir.2004).   A motion for judgment as a matter of law must be denied  "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 498-499 (5th Cir. 2012) (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)).   In reviewing the evidence following a jury verdict, the standard of review is "especially deferential," *SMI Owen Steel Co., Inc. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008), with all reasonable inferences and all credibility issues being  resolved in "the light most favorable to the non-moving party." *Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 282 (5th Cir.2007) (quoting *Brown v. Bryan County*, 219 F.3d 450, 456 (5th Cir. 2000)).

A motion for new trial, in contrast, may be granted after a non-jury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(2).  Rule 59(a) does not provide any guidance as to when a new trial is appropriate, but the Fifth Circuit has recognized that a new trial may be had where the verdict is against weight of the evidence; the damages are either excessive or inadequate, the trial was somehow unfair, or

prejudicial error was injected into the trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th

Cir. 1985).   Courts, however, "do not grant new trials unless it is reasonably clear that prejudicial

error has crept into the record or that substantial justice has not been done, and the burden of

showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487

(5th Cir.1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n. 3 (5th

Cir.1979)).

      Here, having considered the parties' briefing, and recollecting both sides' theories and the

evidence presented at trial, the Court concludes that there was both factually and legally sufficient

evidence of a contract between Plaintiff and Defendant, a breach of that contract by Defendant, and

resulting damages.   Based on the evidence in the record, including the evidence identified by

Plaintiff in its response to Defendant's motion, Defendant's Renewed Motion for Judgment as a

Matter of Law must be denied.   In addition, having considered the evidence at trial, including the

evidence identified by Plaintiff in its response to Defendant's motion, the jury verdict on Plaintiff's

breach of contract claim, and Defendant's tortious interference counterclaim was not against the

great weight of the evidence.   In fact, the evidence more than preponderated in favor of Plaintiff on

the breach of contract claim.   As for the tortious interference claim, there was no direct evidence of

any interference by Plaintiff and the speculation and presumptions Defendant relied upon to support

its tortious interference counterclaim were simply, and apparently, rejected by the jury.   Defendant's

Motion for New Trial or to Alter or Amended Judgment, insofar as it is based on the weight of the

evidence, must also be denied.

      With respect to Defendant's complaints about Plaintiff's pre-trial discovery abuse as a basis

for a new trial and/or altering the judgment, those complaints were discussed at the Pretrial

Conference held on April 29, 2016.  At that conference, the parties were advised that Defendant's

Motion for Sanctions would be carried with the trial, and resolved in connection with any request

for attorney's fees.  Nowhere was there any indication that the pending Motion for Sanctions could

provide Defendants with a basis for a new trial in the event the jury decided the claims against

Defendant.  Moreover, as is clear from the record and despite Defendants' argument that "SSCS

dumped millions of documents . . . on TRT on the eve of trial, most of which TRT has never any

opportunity to review given time and cost constraints," Defendant *was* provided with the documents

complained about in its Motion for Sanctions a *full two months* before the start of the trial.  In

addition, Defendant has not, to this day, shown how either its trial preparation, or the trial itself, was

affected by that inadvertent, late production.  There is no basis, on this record, for either a new trial

or an alteration of the judgment based on Plaintiff's late document production.  Plaintiff's post-

judgment Renewed Motion for Judgment as a Matter of Law, Motion for New Trial and Motion to

Alter or Amend Final Judgment (Document No. 247), is therefore, in all things, DENIED.

As for Defendant's Motion for Sanctions (Document No. 211), however, based on Plaintiff's

admission that voluminous documents were not timely provided to Defendant but were provided to

Defendant approximately two months prior to the start of the trial, and the Court's intimation at the

Pretrial Conference that some type of attorney's fee award or monetary sanction could be

appropriate, the Court now concludes, post-verdict, that Defendant should be able to recoup the

attorney's fees in it incurred as a result of Plaintiff's late production and its filing of its Motion for

Sanctions.  Defendant's Motion for Sanctions (Document No. 211) is therefore GRANTED in

PART, and Defendant shall, within fourteen days after the entry of this Order, provide the Court with

appropriate evidence of the attorney's fees it incurred in filing and briefing Defendant's Motion for

Sanctions, and reviewing for trial any documents that were untimely produced by Plaintiff and were the subject of Defendant's Motion for Sanctions.  Plaintiff shall have seven days thereafter to dispute or challenge those attorney's fees, and such fees will, upon this Court's determination of an appropriate amount, be offset against the attorney's fees to which Plaintiff is entitled, as set forth below.

III.     **Discussion – Plaintiff's Request for Attorneys' Fees**

Plaintiff's Motion for Recovery of Attorney's Fees and Expenses is supported by the detailed and comprehensive Declaration of Mark J. Levine, and supporting billing records of the various attorneys who worked on this case on behalf of Plaintiff.  In response to the motion, Defendant raises only two issues: whether attorneys fees are recoverable at all from it because it is an LLC – not a corporation; and whether Plaintiff has met its burden of segregating and limiting the requested attorneys fees to only that work performed by counsel on Plaintiff's breach of contract claim against TRT Global.

**A.     Attorneys' Fees are recoverable from TRT Global under section 38.001 of the Texas Civil Practice and Remedies Code**

Pursuant to section 38.001(8) of the Texas Civil Practice and Remedies Code, "[a] person may recover reasonable attorney's fees from an individual or corporation" on a breach of contract claim.  TRT Global argues that section 38.001 does not allow for recovery of attorneys fees from it because it is a limited liability company ("LLC") – not a corporation within the meaning of section 38.001.

While the Texas Supreme Court has not yet addressed whether section § 38.001 permits the recovery of attorney's fees from an LLC, as TRT Global claims to be, the United States District

Court for the Northern District of Texas has concluded that "[a]n LLC is clearly not an "individual"

under the ordinary meaning of that term," and that an LLC, a comparatively recent innovation in

business organizational form, is not a "corporation" within the meaning of § 38.001. *Hoffman v.*

*L & M Arts*, Civil Action No. 3:10-CV-0953-D, 2015 WL 1000838 at *5 (N.D. Tex. Mar. 6, 2015).

Taking guidance from the analysis in *Hoffman*, and an intermediate court of appeals in Texas, *see*

*Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438 (Tex. App.–Houston [14th Dist.] 2016), this Court

concludes that attorney's fees are not recoverable as against an LLC under Section 38.001 of the

Texas Civil Practice and Remedies Code.

That determination does not, however, end the inquiry here, for while TRT Global maintains

that it is not a corporation and is the equivalent of an LLC under Texas law, the record shows that

TRT Global has identified itself as a corporation in filings with the Court (Document No. 28 at 8

("Global is a Chinese corporation.")), and the Court has, the in the Memorandum and Order filed

on July 18, 2013, identified and characterized TRT Global as a corporation (Document No. 54 at 5

("Global is a Chinese corporation.")).  As either a judicial admission by TRT Global, or as a "law

of the case" determination by the Court,  TRT Global can and will be considered a corporation for

purposes of an award of attorney's fees under section 38.001 of the Texas Civil Practice and

Remedies Code.

**B.      SSCS has reasonably and substantially segregated it attorneys' fees as to both claims and parties**

A claimant seeking attorney's fees bears the duty to segregate attorney's fees between claims

and parties for which they are recoverable and claims and parties for which they are not. *Tony Gullo*

*Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006).  Only hours spent on a successful claim are

counted. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). A claimant seeking attorney's fees has the

duty to segregate the hours spent on such a claim from the hours spent on other claims. *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 311. The general duty to segregate attorney's fees applies unless a party meets its burden of establishing that the same discrete legal services were rendered with respect to both a recoverable and unrecoverable claim. *In re Estate of Vrana*, 335 S.W.3d 322 (Tex. App. 2010). In other words, the exception to the segregation requirement applies only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 313-14. Intertwined facts alone do not relieve a fee claimant from its duty to segregate. *Id.* But, when causes of action involved in a suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, *See Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 129 (Tex. App. 1999) and the discrete legal services advance both a recoverable and unrecoverable claim, the party suing for attorney's fees may be excused from the duty to segregate and recover the entire amount covering all claims. *See Tony Gullo Motors I, L.P.*, 212 S.W.3d at 313.

The record evidence shows that Plaintiff retained Hoblit Darling Ralls Hernandez & Hudlow LLP ("HDRHH") from mid-2011 to July 1, 2015, and Weycer, Kaplan, Pulaski, and Zuber, P.C. ("WKPZ") from December 2014 to the present. The attorneys fees sought for work attributable to both HDRHH ($203,166.63) and WKPZ ($114,970.50) includes only time that either is attributable to Plaintiff's breach of contract claim or time that is not susceptible to being segregated due to the intertwining nature of the discovery and pretrial preparation related to both sides' claims.

With the Declaration of Mark J. Levine, and the supporting documentation, Plaintiff has shown that $63,874.00 in HDRHH billed time is attributable to the prosecution of Plaintiff's breach of contract claim, with that attorney time having been expended prior to the assertion of Defendant's

counterclaim(s).  In addition, the time spent by Clay Hoblit himself, billed at $7,920.00, has been

shown by Plaintiff to "have been incurred irrespective of whether counterclaims were filed."

Declaration of Mark J. Levine (Document No. 244-1 at p. 6 ¶ 42).  Finally, the time spent by

HDRHH on general discovery, case management and client communication ($262,645.25), when

reduced by the 50% proposed by Plaintiff ($131.322.62), takes into account the overlapping work

performed in pursuit of Plaintiff's breach of contract claim and work performed in defense of

Defendant's counterclaim.  Plaintiff therefore has, reasonably and sufficiently, supported its request

for $203,116.63 in attorneys fees attributable to work performed by HDRHH on Plaintiff's breach

of contract claim. *See Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 565 n. 7 (Tex.

App. – Texarkana 2003) (rough percent of amount attributable to each claim is sufficient for

purposes of attorney's fee segregation); *RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy,

L.L.C.*, 348 S.W.3d 444, 453 (Tex. App. 2011) ("to meet a party's burden to segregate its attorneys'

fees, it is sufficient to submit to the fact-finder testimony from a party's attorney concerning the

percentage of hours that related solely to a claim for which fees are not recoverable").

Similarly, the Declaration of Mark J. Levine, and the attached supporting documentation,

reasonably and sufficiently supports Plaintiff's request for $114,970.50 in attorneys fees attributable

to work performed by WKPZ on Plaintiff's breach of contract claim.  While Defendant attempts to

nit-pick WKPZ's billing records in order to convince the Court that Plaintiff has not reasonably

segregated WKPZ's attorneys' fees, Defendants arguments do not overcome the evidence submitted

by Plaintiff in support of its attorneys fee request.  Of particular note in this regard is the fact that

while both sides asserted claims that were either dismissed or abandoned prior to trial, this case has

always been premised, on the one side, on Plaintiff's allegations that it performed work for which

it was not paid by Defendant, and Defendant's allegations, on the other side, that Plaintiff somehow interfered with its contract with T-Systems.  Much of the discovery in this case related to the period of time during which Defendant was replaced by T-Systems <u>and</u> failed to pay Plaintiff for work that was admittedly done, and for which Plaintiff was entitled to be paid.  In that sense, the discovery was intertwined and Plaintiff's counsel's discovery efforts cannot reasonably be segregated. any further. Plaintiff therefore has, on this record, with the detailed Declaration of Mark J. Levine and the supporting billing records, sufficiently supported its request for $114,970.50 in attorney's fees for work performed by WKPZ on Plaintiff's breach of contract claim.

### C.      Plaintiff's reasonable attorneys fee

Given the reasonableness of Plaintiff's segregation efforts, it must now be determined what a reasonable attorneys fee should be, employing the three step process outlined in *Copper Liquor, Inc., v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir. 1982): (1) determine the nature and extent of the services provided by Plaintiff's counsel; (2) set a value on those services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of certain enumerated factors that may be of significance in the particular case. Steps one and two result in a computation of the "lodestar" amount – that is, a computation of the reasonable number of hours expended by counsel multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at  433.  Once this initial "lodestar" amount has been calculated, the Court then considers twelve factors, set forth by the Fifth Circuit Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), which may or may not weigh in favor of an adjustment of the lodestar amount. Theses twelve factors are:

1.      Time and Labor Involved;

2.      The Novelty and Difficulty of the Questions;

3.      The Skill Requisite to Perform the Legal Services Properly;

4.      The Preclusion of Other Employment by the Attorney Due to This Case;

5.      The Customary Fee;

6.      Whether the Fee is Fixed or Contingent;

7.      Time Limitations;

8.      The Amount Involved and the Result Obtained;

9.      The Experience, Reputation, and Ability of Counsel;

10.     The Undesirability of the Case;

11.     The Nature and Length of the Professional Relationship with the Client; and

12.     Awards in Similar Cases.

*Id.*   While Defendant argues that Plaintiff did not reasonably segregate the hours between parties

and claims, Defendant does not dispute the reasonableness of the hourly rate charged or the time

spent by Plaintiff's attorneys. Having determined that Plaintiff did fulfill its duty to segregate its

attorney's fees between claims and parties as required by Texas law, neither the attorney time, nor

the attorney billing rates sought by Plaintiff in support of its attorney fee request will be reduced. [1]

---

[1] The WPKZ's attorneys' time and billing rates, set forth below, are reasonable and customary in
this District, yielding a lode star for WKPZ of $114,970.50, which includes a requested flat rate
of $3500.00 for Plaintiff's Motion and briefing on its Motion for Recovery of Attorneys Fees and
Costs:
>    Mark J. Levine: 1.1 hours at $355.00 per hour; 90.10 hours at $365.00 per hour;
>    164.5 hours at $370.00 per hour
>    Amanda Gutierrez: 3.2 hours at $195.00 per hour; 10.10 hours at $225.00 per
>    hour
>    Misty Gasiorowski: 65.6 hours at $220.00 per hour.
The HDRHH attorneys' time and billing rates, as set forth in Mark J. Levine's Declaration, and

As for the *Johnson* factors, none warrants a reduction in the lodestar rate. The time and labor involved is considered in and subsumed as part of the lodestar amount; the factual or legal issues were not difficult, unusual or novel; Plaintiffs' counsel was adequately skilled and otherwise qualified; counsel's involvement in this case did not preclude or limit other employment; the hourly rates charged by Plaintiffs' counsel are at or below the market rates in this District; Plaintiff's counsel charged fees on an hourly basis; Plaintiff's counsel exercised efficiency and economy; the amount of attorneys fees sought is not incommensurate with the recovery obtained; Plaintiff's counsel were sufficiently experienced, reputable, and able; the case was neither extraordinarily desirable or undesirable; there is no evidence of any continuing profitable attorney-client relationship between Plaintiff and counsel; and the attorneys fee award sought is not in excess of that sought and obtained in similar cases. In all, none of the *Johnson* factors weighs in favor of an attorneys' fee award either lesser or greater than that calculated using the lodestar rate. As such, Plaintiff is entitled to an attorney's fee award of $318,087.13. Additionally, as there is no dispute as to Plaintiff's ability to recover its costs of $3,079.25, Plaintiff shall, as well, be awarded costs in the amount of $3,079.25.

## IV.    Conclusion and Order

Based on the foregoing, it is

ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial and Motion to Alter or Amend Final Judgment (Document No. 247) is DENIED. It is

---

as reduced by 50% for the post-counterclaim discovery and case management billing time, is also reasonable and customary, yielding a lode star for HDRHH of $203,116.63. *See* Levine Declaration (Document No. 244-1) at 4-7, ¶ 31-45.

further

ORDERED that Plaintiff's Motion for Recovery of Attorney's Fees and Expenses (Document No. 244) is GRANTED and Plaintiff is entitled to recover $318,08/7.13 in attorney's fees and $3,079.25 in costs.   Finally, it is

ORDERED that Defendant's Motion for Sanctions (Document No. 211) is GRANTED in PART, and Defendant shall, within fourteen (14) days after the entry of this Order, submit appropriate evidence of the attorney's fees it incurred in filing and briefing Defendant's Motion for Sanctions, and in reviewing for trial any documents that were untimely produced by Plaintiff and were the subject of Defendant's Motion for Sanctions.  Plaintiff shall have seven (7) days thereafter to dispute or challenge those attorney's fees.  The amount of fees to be determined and awarded to Defendant as sanctions will be offset against the attorney's fees Plaintiff has been found to be entitled to herein, at which time an Amended Judgment will be entered.

Signed at Houston, Texas,. this 13th day of October, 2016.


Frances H. Stacy
United States Magistrate Judge